## Peter, a Slave, *v.* The State.

Where a prisoner in custody makes confessions without any compulsion or promise of advantages, it seems they are admissible in evidence.

A special appointment of foreman is not necessary, when the record shows that the indictment was found and returned into court by the whole panel.

The name of the prosecutor must be marked on the indictment.

Where the appellate court reverses the judgment of the court below, for want of form in the indictment, the indictment will be considered sufficient *prima facie* evidence of guilt to remand the prisoner.

ERROR to the circuit court of Franklin county.

Vannerson and Baker, for plaintiff in error.
Collins, Attorney-General, *contra*.

Mr. Justice TROTTER delivered the opinion of the court.

This was an indictment for murder, found in the circuit court of Franklin county.   There are numerous errors assigned as grounds for reversing the judgment of the court below, none of which, however, we deem it necessary to notice, except the following:

1. That the court below improperly admitted the confessions of the prisoner.

2. That the juror whose name is endorsed upon the bill of indictment as foreman of the grand jury was not appointed or designated as such by the court.

3. That the name of a prosecutor is not endorsed upon the indictment.

1. The grounds in support of the first objection, are disclosed in the bill of exceptions.   A witness was introduced to prove certain confessions made by the prisoner of his guilt, and his testimony was objected to on the ground that the prisoner, at the time of making the confessions, was in custody, and surrounded by an exasperated crowd, and that he was under the influence of hope

[Peter, a Slave, *v.* The State.]

of being benefitted by the confessions. But it is not stated that the witness to the confessions, or any one else, at the time placed any particular motive of temporal advantage or punishment before the mind of the prisoner. The witness simply told him to tell him' all he knew concerning the murder of the deceased. He then, without any compulsion, or any promise, made his statements. It is impossible to decide upon the force of this objection under this bill of exceptions. The statements made by the prisoner are not embodied in the bill. It merely avers that they were such as tended to establish his guilt. But it does not appear whether they were naked confessions of guilt, or whether they disclosed facts which proved the confession to be true. The rule is well settled on this subject, and it must appear clearly to the court, in order to exclude them, that the confessions were superinduced by promises of temporal advantage, or threats of temporal punishment. 2 Starkie, 27. But it does not appear that such was the case here.

2. It is objected that there was no foreman of the grand jury· To this we answer, that the record shows that the indictment was found and returned into court by the whole panel of the jury, and this is sufficient.

3. The third and last objection has been already decided by this court, and held to be fatal. The name of the prosecutor must be marked on the bill of indictment.

The judgment of the court below must, therefore, be reversed, the indictment dismissed, and, as the indictment is merely defective in point of form, and affords *prima facie* evidence of the guilt of the prisoner, he must be remanded for further proceedings.